IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81330-TLS |
| | ) | |
| ANTHONY DWAYNE HARRIS, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 25, 2008, on Debtor's Chapter 13 Plan (Fil. #9), and an Objection thereto filed by Felecia Renee Campbell, the ex-wife of Debtor (Fil. #21). Erin McCartney appeared for Debtor, and Thomas Blount appeared for Felecia Renee Campbell.

*Background*

Debtor and Ms. Campbell were married on January 14, 1978. The marriage was dissolved by a Decree of Dissolution of Marriage entered in the Sarpy County District Court on February 24, 2005. According to the divorce Decree, Debtor was ordered to pay alimony to Ms. Campbell in the amount of $3,000.00 per month commencing March 1, 2005, and continuing for a period of 16 years. The district court judge noted on the record that Ms. Campbell was undergoing cancer treatment and that her health was a material issue. The district court judge further noted that it was a long-term marriage which produced two children, and he established alimony at the rate of $3,000.00 per month for 16 years, which was intended to provide income for Ms. Campbell until she reached age 62 or was otherwise able to receive Social Security income. The district court recognized that Ms. Campbell was unable to work due to her medical situation. In addition to the alimony for 16 years, the district court also ordered an additional $1,000.00 per month to be paid as a property equalization payment (specifically not alimony) for a period of 200 months.

The divorce Decree also divided various property interests between the parties and ordered a time-share interest to be sold. Until the time-share was sold, Debtor was ordered to make the monthly payments on the time-share. Furthermore, from the sale proceeds Debtor was ordered to pay a list of marital obligations, including certain amounts due to Discover Card Services. Debtor was entitled to receive any excess proceeds from the sale of the time-share after payment of the listed debts.

For reasons that are not entirely clear, Debtor has been unable to sell the time-share interest. However, Debtor has paid many of the debts that were to have been paid from the proceeds of the time-share. There remains due and owing indebtedness secured by the time-share and indebtedness owed to Discover Card Services. The current balance due on each of those debts is not in the record.

Ms. Campbell objects to Debtor's plan because it fails to provide for the payment of the time-share indebtedness and the Discover Card debt as priority claims. In particular, Ms. Campbell asserts that Debtor's obligation to pay those debts is a domestic support obligation which is not

dischargeable.  Debtor responded that the indebtedness is in the nature of a property settlement and does not constitute domestic support obligations.

*Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> 
>     (A) owed to or recoverable by –
>         (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>         (ii) a governmental unit;
>     (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>     (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>         (i) a separation agreement, divorce decree, or property settlement agreement;
>         (ii) an order of a court of record; or
>         (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>     (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case.  For purposes of the case at hand, discharge and priorities are at issue. Domestic support obligations are not discharged in Chapter 13 proceedings.  *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5).  Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A).  If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support.  When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it."  *Boyle v.*

*Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. *Ahlf v. Ahlf (In re Ahlf)*, 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

*Ahlf*, 354 B.R. at 887 (quoting *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

It is clear that the district court judge was concerned about providing sufficient support for Ms. Campbell when he ordered Debtor to pay alimony at the rate of $3,000.00 per month for a period of 16 years. Further, to equalize the manner in which property was divided, he also ordered Debtor to pay an additional $1,000.00 per month for 200 months, which he expressly characterized as being a property settlement and not for alimony.

As far as the time-share is concerned, the district court judge simply ordered that it be sold, the balance owed on it to be paid from the proceeds, and various other debts to be paid from the time-share proceeds. The balance of the proceeds from the time-share sale were awarded to Debtor. Accordingly, it appears to this Court that the provisions regarding the sale of the time-share and the payment of the time-share indebtedness and the Discover Card indebtedness are simply for purposes of allocating the marital debt and assets; that is, property settlement and not support. The district court judge clearly considered Ms. Campbell's support needs when granting alimony for a period of 16 years. Ordering a property to be sold and payment of certain debts from the proceeds does not appear to be in the nature of support under the circumstances of this case.

IT IS, THEREFORE, ORDERED that the Objection to Confirmation of Felecia Renee Campbell (Fil. #21) is overruled, and the plan may be confirmed by separate order.

DATED: August 26, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin McCartney
    *Thomas Blount
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.